## FOLSOM v. BLOOD.

A judgment is not invalidated by the want of the attestation of the person who, at the date of the judgment, held the office of clerk of the court by which the judgment was rendered. It may be proved by a copy attested by the clerk of another court, to whose custody the record has been by law transferred, and who is the proper officer to make and certify copies thereof.

DEBT, on a Massachusetts judgment rendered by a court of common pleas that had been abolished. The judgment does not appear to have been attested by the clerk of that court. The copy produced is attested by the clerk of the superior court, to whose custody the records of the common pleas have been by law transferred, and who is the proper officer to make and certify copies thereof. The defendant moves for a nonsuit.

*Copeland*, for the defendant.

*Caverly*, of Mass., and *Knapp*, for the plaintiff.

STANLEY, J. The attestation of the judgment by the clerk of the common pleas is not indispensable. *Willard* v. *Harvey*, 24 N. H. 344; *Hall* v. *Manchester*, 40 N. H. 410; *Sumner* v. *Sebec*, 3 Me. 223.

If it were prescribed by statute, the statute would be directory, and other evidence of the authenticity of the record would be received. *Secombe* v. *Steele*, 20 How. 94, 102. The clerk of the superior court, having the custody of the records of the common pleas, is the proper officer to furnish copies of those records, and his certificate is evidence of what they are. *Carlisle* v. *Thompson*, 5 N. H. 411; *Mahurin* v. *Bickford*, 6 N. H. 567, 570, 571; *Hall* v. *Manchester*, *supra;* 1 Greenl. Ev., *s.* 506.

*Motion denied.*

ALLEN, J., did not sit.